579-15
580-15

DARRICK E. ROSS

v.

STATE OF TEXAS

NO. 10-14-00219-CR
NO: 10-14-00220-CR

§
§
§
§
§
§
§
§
§
§

ORIGINAL

COURT OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 22 2015

Abel Acosta, Clerk

FROM THE 278TH DISTRICT COURT

WALKER COUNTY, TEXAS

TRIAL COURT NOS. 26383 AND 26619

IN THE TENTH COURT OF APPEALS

MCLENNAN COUNTY, TEXAS

PETITION FOR DISCRETIONARY REVIEW

DARRICK EDWARD ROSS #01938636

CLEMENTS UNIT

9601 SPUR 591

AMARILLO, TEXAS 79107

FILED IN
COURT OF CRIMINAL APPEALS
26 nd
JUN 22 2015

Abel Acosta, Clerk

# TABLE OF CONTENTS

TABLE OF CONTENTS ......... i

INDEX OF AUTHORITIES ......... ii

ORAL ARGUMENT STATEMENT ......... iii

STATEMENT OF CASE ......... iv

PROCEDURAL HISTORY ......... 1

QUESTIONS FOR REVIEW ......... 2

REASONS FOR REVIEW ......... 3

PRAYER ......... 8

SERVICE ......... 9

# INDEX OF AUTHORITIES

COOPER V STATE   500 S.W.2d 837 (TX.CR.APP.)   5

GROSS V STATE   380 S.W.3d 181 (TX.CR.APP.)   6

LINCOLN V STATE   508 S.W.2d 635 (TX.CR.APP.)   3

McMANN V RICHARDSON   397 U.S. 759 (1970)   6

RANSOM V STATE   920 S.W.2d 288 (TX.CR.APP.)   5

STRICKLAND V WASHINGTON   104 S.CT. 2052 (1984)   4

JACKSON V VIRGINIA   443 U.S. 307 (1979)   6

TOLLETT V HENDERSON   7

TEX. PENAL CODE 7.02(a)   6

# ORAL ARGUMENT STATEMENT

APPELLANT WAIVES ORAL ARGUMENT

# Statement of Case

IN JUNE 2013 APPELLANT WAS INDICTED IN CAUSE NUMBER 26383 FOR THE FEBRUARY 27, 2013, ROBBERY OF DONNIE THOMAS, ALLEGING APPELLANT COMMITTED THE OFFENSE BY STRIKING THOMAS WITH A FIREARM IN THE COURSE OF COMMITTING THEFT. (383 CR 6) IN CAUSE 26619 THE DECEMBER 2013 INDICTMENT ALLEGED THAT ON FEBRUARY 14, 2013, APPELLANT PLACED RICKY RILES IN FEAR OF IMMINENT BODILY INJURY OR DEATH IN THE COURSE OF COMMITTING THEFT AND USED OR EXHIBITED A DEADLY WEAPON. (619 CR 4) THE APPELLANT SIGNED A GUILTY PLEA MEMORANDUM IN EACH CASE ON MAY 6, 2014. (383 CR 64). THE RECORD DOES NOT REFLECT THAT ANY HEARING WAS HELD ON MAY 6, 2014, OR APPELLANT WAS ORALLY ADMONISHED BY THE COURT. THE TRIAL COURT HELD A PUNISHMENT HEARING ON JUNE 20, 2014. (2 RR 1). THE COURT ASSESSED PUNISHMENT LIFE IN EACH CASE. (2 RR 182; 3 RR 4). THE TENTH COURT OF APPEALS AFFIRMED ON APRIL 9, 2015.

## Procedural History

   The TENTH COURT OF APPEALS rendered it's decision Affirming Appellant's conviction on April 9, 2015.
   A Motion For Rehearing was filed June 1, 2015 but was dismissed for reason of being untimely filed.

# Questions For Review

(1) is A Plea of Guilty rendered invalid when The trial Court does not hold a hearing or Orally admonish Appellant on the consequences of his plea?

(2) Has the Appellate Court erred in finding No Arguable ISSUE for Appeal?

(3) Has The Appellate court erred in finding No arguable Issues for Appeal on the Legal Sufficiency of Evidence issues?

## Reasons For Review

Question one should be reviewed due to the record on Appeal not showing that even a hearing was held on May 6, 2014, or Apellant was orally admonished by the court. Due course of law and Due Process under Both Texas and United States constitutions require oral admonishments.

Lincoln v. State 508 S.w. 2d 635 (Tx. Cr. App).


Question two should be reviewed due to the ineffective assistance of counsel claim is supported by the record. Evidence showing although defense counsel called Lee Johnson during punishment hearing (2 RR 88), the Record shows counsel had not spoken to Johnson about the case because Johnson testified he was not even aware Appellant had been charged with Aggravated Robbery until he arrived at the punishment hearing. (2 RR 90) He also did not know that Appellant had been in Prison for Aggravated Robbery. (2 RR 94). This part of the record supports the first prong of Strickland v. Washington 104 S. ct. 2052 (1984

(3-9)

## Reasons — Cont

The record shows trial counsel did not have a command of the relevant law. The Law does not support a finding that Appellant was liable for the conduct of Taylor and Scott because there is no evidence Appellant did any of the acts which Section 7.02(a) of the Penal Code would impose criminal liability on Appellant. It was deficient performance to permit Appellant to plead Guilty when the evidence was legally insufficient to support the conviction. It was also incompetent advice to persuade Appellant to plead guilty.

QUESTION THREE SHOULD BE REVIEWED BECAUSE THE ONLY EVIDENCE OF APPELLANTS' CONNECTION TO THE ROBBERY OF THE RILES WAS THAT APPELLANT TOLD TAYLOR AND SCOTT ABOUT THE INSURANCE PAYMENTS RICKY RILES HAD GOTTEN AND, ON A SEPERATE OCCASION, POINTED OUT WHERE RILES LIVED. (2 RR 139-40)

WHILE THE PROSECUTOR CLAIMED THAT ANOTHER FAMILY MEMBER IDENTIFIED APPELLANT (2 RR 145) THERE WAS NO EVIDENCE TO SUPPORT THAT CLAIM. NEITHER WITNESS TO THE EVENT SUPPORT-ED THAT TESTIMONY. (2 RR 24, 28-29). THERE WAS NO EVIDENCE THAT APPELLANT PERSONALLY PARTICIPATED IN THE OFFENSE (2 RR 24, 28-29). THE STATEMENTS OF THE PROSECUTOR THAT APPELLANT WAS IDENTIFIED ARE CLEARLY NOT EVIDENCE. SEE COOPER V STATE 500 S.W. 2d 837 (TEX. CR. APP. 1973). THERE WAS NO EVIDENCE APPELLANT SOLICITED, ENCOURAGED, DIRECTED, AIDED OR ATTEMPTS TO AID TAYLOR AND SCOTT TO COMMIT THE ROBBERY OF RILES WITH THE INTENT TO PROMOTE OR ASSIST THEM IN COMMISSION OF THE OFFENSE. NO EVIDENCE OF COMMON DESIGN RANSOM 920

(5-9)

S.W.2d AT 302. THERE WAS EVIDENCE THAT SCOTT TOLD APPELLANT OF HIS INTENT TO ROB THE RILES (2 RR 140) THIS WAS MERELY KNOWLEDGE OF SCOTT'S INTENT. THAT IS INSUFFICIENT TO IMPOSE LIABILITY ON APPELLANT. GROSS, 380 S.W.3d AT 186. THIS EVIDENCE FALLS SHORT OF THE STANDARD FOR IMPOSING LIABILITY ON APPELLANT FOR THE CONDUCT OF ANOTHER AS DEFINED BY THE LEGISLATURE IN SECTION 7.02(a) OF THE PENAL CODE AND IS LEGALLY INSUFFICIENT TO SUPPORT APPELLANTS' CONVICTION FOR AGGRAVATED ROBBERY. SEE JACKSON v VIRGINIA 443 U.S. 307 (1979). THE STATE HAS NOT PROVEN EACH ELEMENT BEYOND A REASONABLE DOUBT. THE APPELLANT IS ENTITLED TO A REASONABLY COMPETENT ATTORNEY. SEE McMANN v RICHARDSON 397 U.S. 759 (1970), WHOSE ADVICE IS WITHIN THE RANGE OF COMPETENCE DEMANDED OF ATTORNEYS IN CRIMINAL CASES.

(6-9)

IT WAS INCOMPETENT ADVICE AND DEFICIENT PERFORMANCE TO PERMIT APPELLANT TO PLEAD GUILTY WHEN THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT THE CONVICTION. THE PLEA WAS NOT KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY ENTERED. SEE TOLLETT V HENDERSON 93 S.CT. 1602 (1973).

## PRAYER

WHEREFORE, APPELLANT PRAYS THE COURT GRANT PRO SE REVIEW OF QUESTIONS PRESENTED HEREIN, APPOINT COUNSEL AND ORDER BRIEFING OF THE ISSUES.

RESPECTFULLY,

ON THIS ___18TH___ DAY OF
___JUNE___ 2015

x _Darrick Ross #1938636_
APPELLANT

## Service

A HANDWRITTEN PRO SE PETITION FOR DISCRETIONARY REVIEW HAS BEEN PLACED IN THE U.S. MAIL ADDRESSED TO:

DAVID P. WEEKS

1036 11TH ST

HUNTSVILLE, TEXAS 77340

ON THIS ___18TH___ DAY OF
___JUNE___ 2015

x _Darrick Ross_ #1938636
APPELLANT

(9-9)



IN THE
TENTH COURT OF APPEALS

No. 10-14-00219-CR
No. 10-14-00220-CR

EX PARTE DARRICK EDWARD ROSS

From the 278th District Court
Walker County, Texas
Trial Court Nos. 26383 and 26619

MEMORANDUM OPINION

In appellate cause numbers 10-14-00219-CR and 10-14-00220-CR, appellant, Darrick Ross, entered open pleas of guilt to two instances of aggravated robbery, both first-degree felonies. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). Appellant stipulated to the evidence, including evidence of his usage of a firearm, in both cases. The trial court subsequently found appellant guilty of the charged offenses, made deadly-weapon findings, and sentenced appellant to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice in both cases. The imposed sentences were ordered to run concurrently. Thereafter, the trial court

certified appellant's right of appeal in both cases. Appellant appeals, and we affirm in both cases.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel filed briefs and motions to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's briefs meet the requirements of *Anders* as they present a professional evaluation demonstrating why there are no arguable grounds to advance on appeal in both cases. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgments. Counsel has informed this Court that, for both cases, he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the

record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Appellant has filed a pro se response in both cases.[2] *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record, counsel's brief, and appellant's pro se response in both cases and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgments of the trial court are affirmed.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744, 87 S. Ct. at

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] Nowhere in the record or in the documents received by the Court does appellant suggest that he wants or sought the record but was unable to obtain it. *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed April 9, 2015
Do not publish
[CRPM]

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

Ex parte Ross                                                                                                   Page 4

